TAFISI FALE and SELEGA of Pago Pago, Plaintiffs

v.

PELE of Pago Pago, Defendant

No. 13-1951

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Fuga" of Pago Pago]

September 12, 1951

---

ARTHUR A. MORROW, *Chief Justice;* LETULIGASE-NOA, *Associate Judge;* and TIUMALU, *Associate Judge.*

DECISION

Heard at Fagatogo August 23, August 24 and August 27, 1951.

Viavia for Tafisi Fale; Logo for Selega; Meauta for Pele.

MORROW, *Chief Justice.*

The right to the succession to the matai name Fuga of Pago Pago is to be determined in this case. On September 26, 1950 Pele filed his application with the Registrar of Titles to be registered as the Fuga; on October 5, 1950,

Tafisi Fale filed an objection to the proposed registration and became a candidate for the name, and on October 23, 1950, Selega filed his objection and became a candidate for the name. Hence this litigation.

Section 926 of the Code of American Samoa, as amended, prescribes the requirements for eligibility to hold a matai title. It reads as follows:

"No person not having all the following qualifications shall be eligible to succeed to any matai title:

(a) Must be at least one-half Samoan blood;

(b) Must have resided continuously within the limits of American Samoa for five years either immediately preceding the vacancy of the title, or before he becomes eligible for the title;

(c) Must live with Samoans as a Samoan;

(d) Must be a descendant of a Samoan family and chosen by his family for the title;

(e) Must have been born on American soil, except persons born of parents of Samoan blood who are (1) inhabitants of American Samoa, (2) but temporarily residing outside of American Samoa, or engaged in foreign travel at date of birth of such child, and (3) whose matai at any time within 13 years after the birth aforementioned files with the Registrar of Titles a sworn declaration that such child born outside of American Samoa now resides in American Samoa and desires such child to be an inhabitant of American Samoa."

Both Tafisi Fale and Selega meet all the requirements of the above section 926 and are eligible for registration as the holder of a matai title.

The evidence showed that Pele was outside the limits of American Samoa for six days during early 1950 on a trip to Upolu, Western Samoa; also that he was outside the limits of American Samoa for a week while on a trip to the Island of Niue in the fall of 1950. Whether these absences from American Samoa disqualify him under section 926 (b) from holding a matai title we shall not decide in view of our findings upon the issues raised by section 933 of the Code hereinafter quoted. We shall assume, without making

623

a decision on the point, that Pele meets all the requirements of section 926.

Section 933 of the Code provides that:

"In the trial of matai name cases, the High Court shall be guided by the following in the priority listed:

(a) The wish of the majority or plurality of the family;

(b) The forcefulness, character, personality and capacity for leadership of the candidate;

(c) The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail;

(d) The value of the holder of the matai name to the Government of American Samoa."

Each of the candidates filed a petition with the clerk of the court purporting to be signed by those members of the Fuga family favoring his candidacy. There were 159 signers on Pele's petition, 171 on Fale's and 241 on Selega's. Each candidate testified that all the signers on the petition favoring him were members of the Fuga family. Fale objected to 10 signers on Pele's petition, saying that they were not members of the Fuga family. He later admitted on cross-examination that only five of the 10 were not members. Selega testified that all of the 150 signers on Pele's petition were members of the family; also that all of the 171 on Fale's petition were family members. Pele objected to 58 names on Fale's petition. However, on cross-examination he admitted that a number of these names objected to by him were those of Fuga family members. Pele claimed that 116 on Selega's petition were not family members but admitted later that a number of these 116 were. Despite the conflict in the evidence, it is our belief therefrom that a plurality of the family favor Selega to be its matai; that Pele stands second on this issue, and Fale third. And we so find.

The testimony of all the witnesses including Selega himself indicates that Selega's character is not good. The testimony also indicates that Pele's character is likewise not good. Nothing will be gained by our delineation of the past delinquencies of these two candidates. According to the testimony Fale's character is good.

Pele completed the 4th grade in school, Fale the 5th and Selega the 5th. Pele speaks English fairly well while Fale and Selega speak very little English. Pele was a member of the Fita Fita Guard and Band for 24 years, retiring in 1950. He has plantations and he rendered service to the Fuga title for many years. He has some skill as a carpenter. He received some good conduct medals for his military service. His retired pay is $114.66 a month. He attends the Veterans' Vocational School and receives $60.00 a month subsistence. However, this will come to an end when the school closes. He has two sons in the military service each of whom gives him $20.00 a month. Fale has plantations. He is a carpenter and has built a number of houses. He worked for the Island Government and the Navy as a carpenter and cement worker for many years including part of the war period. During a part of the war he was foreman of a 30-man stevedoring gang. He works for the Native Industry making crates and packing goods for shipment, earning $57.00 a month therefor. He has an income of about $50.00 a month in gifts from his aigas and receives $5.00 a month as village policeman. He has held a matai title for 32 years. During the last twelve years he has held the matai title Fale, a talking chief's (tulefale) title in the Fuga family. Selega is a carpenter having been employed by the Public Works Department as such for many years prior to the war and during the war. He has plantations. He testified that since the war he has made from three to five hundred dollars a year as a carpenter and about a thousand dollars a year as a furniture builder

and repairman. He receives about $40.00 a month in gifts from aigas.

The Court had an excellent opportunity to observe the personalities of the three candidates during the hearing. It may be that both Pele and Selega prevail over Fale when forcefulness, personality and capacity for leadership alone are considered. However, when we take into consideration character we reach the conclusion, in view of the evidence concerning the characters of Pele and Selega, that Fale prevails over both Pele and Selega on the entire issue of character, forcefulness, personality and capacity for leadership. It is our belief from the evidence that Pele and Selega are on a substantial equality with respect to this issue.

Pele is the great-grandson of Fuga Sala and has one-eighth Fuga blood in his veins. Fale is likewise the great-grandson of Fuga Sala and has one-eighth Fuga blood in his veins. Selega is the grandson of Fuga Sala and has one-quarter Fuga blood in his veins. Selega is the blood brother of the last holder of the Fuga title. We find that Selega prevails over Pele and Fale on the issue of hereditary right, while Fale and Pele are on an equality with respect to this issue.

In view of Fale's good character and his experience for 32 years as a matai we believe that he would be of more value to the Government of American Samoa as the holder of the matai name Fuga than either Pele or Selega. A matai should have a good character so as to be able to set a good example for his family and to command its respect and the respect of the community. Testimony with respect to the character of these two last-named candidates militates against our finding that either of them would be of more value to the Government as the holder of the matai name than Fale. We find that Fale prevails over both Selega and Pele on the fourth issue.

In awarding a matai title, this Court has interpreted section 933, supra, as requiring it to give the most weight to the wish of the majority or plurality of the family, less weight to forcefulness, character, personality and capacity for leadership, still less weight to the matter of the best hereditary right and the least weight to the value of the holder of the matai name to the Government. See *Mailo, Pua and Epati v. Faaliga Sii*, No. 21-1949 (Am. Samoa); *Leano v. Leti*, No. 27A-1949 (Am. Samoa). Any other interpretation would ignore the significance of the language "in the priority listed" in the statute.

Since we find that Selega prevails over the other candidates on the first and third issues, it follows that under the law this Court must award him the title. Accordingly, it is ORDERED, ADJUDGED AND DECREED that Selega shall be registered as the holder of the matai name Fuga of Pago Pago. The Registrar of Titles will be advised of this decree.

Costs in the sum of $37.50 are hereby assessed against Pele, and a like sum against Tafisi Fale. Costs are to be paid within thirty days.